RECEIVED
FEB 1 3 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ANTOINETTE MASON AND JERMAINE MASON | CIVIL ACTION NO. 06-2361 |
| VERSUS | JUDGE DOHERTY |
| GEICO CASUALTY INSURANCE COMPANY, FORREST BERNARD, AND CHRISTOPHER BERNARD | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before this Court is a January 4, 2007 Motion to Dismiss [Doc. 8], filed by Geico Casualty Insurance Company (Geico) on behalf of defendants. Geico seeks dismissal of plaintiff's claims against defendants on the basis of prescription as a result of filing their petition in the wrong venue and as a result of failing to properly serve defendants timely. The Motion to Dismiss is unopposed.[1]

In support of its Motion to Dismiss, Geico notes that, pursuant to the Louisiana Code of Civil Procedure, Articles 42 and 74, venue in this matter is proper where an accident occurred or where the defendant is domiciled. Likewise, Geico also notes in an action against a foreign insurance company, venue is proper in East Baton Rouge Parish per La. C.C.P. art. 42(7). As to nonresident individuals served under the Louisiana Long Arm Statute, La. R.S. 13:3203, Geico argues venue is proper where the plaintiff is domiciled or where venue is otherwise proper.

Geico contends plaintiffs' complaint was filed in **Iberia Parish**, an improper venue for this

---

[1] The deadlines for filing a response to Geico's Motion to Dismiss have long passed, however, on February 2, 2007, Chambers attempted to contact counsel for plaintiffs to confirm whether any opposition would be filed. Counsel for plaintiffs has not responded. Thus, noting the passage of time since the filing of defendant's Motion to Dismiss, the Court presumes the motion is unopposed.

matter. Geico notes plaintiffs' November 21, 2006 petition alleges damages related to a November 23, 2005 accident in **Calcasieu** Parish. Geico indicates plaintiffs, who are St. Martin Parish residents, made the following parties defendants: (1) Geico, "a **foreign insurer**," (2) Christopher Bernard, a resident of **Texas**, and (3) Forrest Bernard, a resident of **Texas**.

Additionally, Geico relies on La. C.C. art. 3462, which provides that, if an action is commenced in an incompetent court or in an improper venue, prescription is interrupted "only as to a defendant served by process within the prescriptive period," which in this case would be one year from the date of alleged motor vehicle accident. Geico notes service was not made upon Geico through the Louisiana Secretary of State until December 8, 2006, more than one year after the alleged accident. At the time Geico filed its December 19, 2006 notice of removal, Geico claims the Bernard defendants still were not served.

A review of the petition in this matter reveals a reasonable basis in law to grant Geico's Motion to Dismiss.[2] Therefore, the Motion to Dismiss, appearing to be well-founded in law and fact and being unopposed by the plaintiff is hereby GRANTED. All claims against the defendants are DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __13__ day of February, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[2] Gieco, which removed the state court matter to this District pursuant to 28 U.S.C. § 1332, submitted evidence with its Motion to Dismiss. Accordingly, this Court considers the Motion as a Motion for Summary Judgment. The Court finds no genuine issue of material facts in dispute and defendants are entitled to judgment in their favor as a matter of law.